Susan S.Q. Kalra (CA State Bar No. 16740)
Email: skalra@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (800) 993-7499
Fax: (832) 900-4941

William P. Ramey, III (*pro hac vice* anticipated)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175

*Attorneys for Plaintiff*
VDPP, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VDPP, LLC, an Oregon corporation, <br><br> Plaintiff, <br><br> v. <br><br> VIVO, INC., a Delaware corporation, <br><br> Defendant. | Case No.: <br><br> **PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **(35 U.S.C. § 271)** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff VDPP, LLC ("VDPP") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 10,021,380 ("the '380 patent"), and U.S. Patent No. 9,948,922 ("the '922 patent"), (collectively referred to as the "Patents-in-Suit") by Vivo, Inc. ("Defendant" or

"Vivo").

## I.  THE PARTIES

1.  Plaintiff VDPP is a company organized under the laws of Oregon with a principal place of business located in Corvallis, Oregon.

2.  On information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, having a regular and established place of business at 7901 Stoneridge Dr. Suite 501, Pleasanton, CA 94588.  Defendant may be served at its registered agent or other means allowed under the law. On information and belief, Defendant sells and offers to sell products and services throughout California, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in California and this judicial district.

## II.  JURISDICTION AND VENUE

3.  This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4.  This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of California and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in this judicial district; and (iii)

COMPLAINT

Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of California and in this judicial district.

5.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District.  Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in California and this District.

## III.    DIVISIONAL ASSIGNMENT

6.    This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c) and General Order No. 44.

## IV.    INFRINGEMENT

### A. Infringement of the '380 Patent

7.    On July 10, 2018, U.S. Patent No. 10,021,380 ("the '380 patent", included as Exhibit A and part of this complaint) entitled "Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable Tint Materials" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '380 patent by assignment.

8.    The '380 patent relates to methods and systems for modifying an image.

9.     Defendant maintains, operates, and administers systems, products, and services in the field of automotive manufacture that infringes one or more of claims of the '380 patent, including one or more of claims 1-30, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '380 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10.     Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit B.  These allegations of infringement are preliminary and are therefore subject to change.

11.     Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others ((e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems and methods related to modifying an image) such as to cause infringement of one or more of claims 1-30 of the '380 patent, literally or under the doctrine of equivalents.  Moreover, Defendant has known of the '380 patent and the

technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

12.     Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., systems and methods related to modifying an image) such as to cause infringement of one or more of claims 1-30 of the '380 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '380 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

13.     Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '380 patent.

**B. Infringement of the '922 Patent**

14.     On April 17, 2018, U.S. Patent No. 9,948,922 ("the '922 patent", included as Exhibit C and part of this complaint) entitled "Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

5

COMPLAINT

Tint Materials" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '922 patent by assignment.

15.   The '922 patent relates to methods and systems for modifying an image.

16.   Defendant maintains, operates, and administers systems, products, and services in the field of motion pictures that infringes one or more of claims of the '922 patent, including one or more of claims 1-12, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '922 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

17.   Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit D.  These allegations of infringement are preliminary and are therefore subject to change.

18.   Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., methods and systems for modifying an image.) and related services such as to cause infringement of one or more of claims 1-12 of the '922 patent, literally or under the doctrine of equivalents.  Moreover, Defendant has known of the '922 patent and

the technology underlying it from at least the filing date of the lawsuit.[3] For clarity, direct infringement is previously alleged in this complaint.

19.    Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., methods and systems for modifying an image.) and related services such as to cause infringement of one or more of claims 1-12 of the '922 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '922 patent and the technology underlying it from at least the filing date of the lawsuit.[4] For clarity, direct infringement is previously alleged in this complaint.

20.    Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '922 patent.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.    enter judgment that Defendant has infringed the claims of the Patents-in-Suit;

---

[3] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[4] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

COMPLAINT

b.     award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.     award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.     declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.     declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.     a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

COMPLAINT

g.    award Plaintiff such other and further relief as this Court deems just and proper.

Dated: August 18, 2023                    Respectfully submitted,

                                          RAMEY LLP

                                          */s/ Susan S.Q. Kalra*
                                          Susan S.Q. Kalra (CA State Bar No. 16740)
                                          Email: skalra@rameyfirm.com
                                          5020 Montrose Blvd., Suite 800
                                          Houston, Texas 77006
                                          Telephone: (800) 993-7499
                                          Fax: (832) 900-4941


                                          */s/ William P. Ramey, III*
                                          William P. Ramey, III (pro hac vice anticipated)
                                          Email: wramey@rameyfirm.com
                                          RAMEY LLP
                                          5020 Montrose Blvd., Suite 800
                                          Houston, TX 77006
                                          Telephone: (713) 426-3923
                                          Fax: (832) 689-9175

                                          ***Attorneys for Plaintiff***
                                          ***VDPP, LLC***

COMPLAINT

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests a trial by jury on issues so triable by right.

Dated: August 18, 2023        Respectfully submitted,

**RAMEY LLP**

*/s/ Susan S.Q. Kalra*
Susan S.Q. Kalra (CA State Bar No. 16740)
skalra@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
Telephone: (800) 993-7499
Fax: (832) 900-4941


*/s/ William P. Ramey, III*
William P. Ramey, III (pro hac vice anticipated)
Email: wramey@rameyfirm.com
RAMEY LLP
5020 Montrose Blvd., Suite 800
Houston, TX 77006
Telephone: (713) 426-3923
Fax: (832) 689-9175


***Attorneys for Plaintiff***
***VDPP, LLC***

10
COMPLAINT